IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIS FLOYD WILEY | § | |
| v. | § | CIVIL ACTION NO. 9:08cv88 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Willis Wiley, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Wiley was convicted of the disciplinary offense of failing to obey an order, for which the punishment imposed was that Wiley should remain in Line Class III, the lowest prison classification level. The Respondent was ordered to answer the petition and did so, arguing that Wiley failed to show the deprivation of a constitutionally protected liberty interest. Wiley filed a response to the answer arguing that he lost 210 days of credit. He stated that inmates must go for one year without a major disciplinary case before they can be promoted in classification status, which would allow them to earn more good time. In his case, he had spent 210 days in Line Class III without a major disciplinary case, but the present case caused him to have to start over. He says that this caused him an atypical and significant hardship in relation to the ordinary incidents of prison life.

After reviewing the pleadings and records, the Magistrate Judge issued a Report on September 5, 2008, recommending that the petition be dismissed. The Magistrate Judge reviewed

1

the Supreme Court's decision in Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995) and concluded that Wiley had not shown the deprivation of a constitutionally protected liberty interest because the punishment being imposed was simply that he should remain in Line Class III, his current classification status; he did not lose any good time credits, but merely had his opportunity for promotion in classification status delayed. As the Magistrate Judge observed, inmates do not have a protected liberty interest in their custodial classification. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). The Magistrate Judge also stated that the Fifth Circuit has held that the opportunity to earn additional good time credits does not constitute a liberty interest sufficient to trigger the protections of the Due Process Clause. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Consequently, the Magistrate Judge concluded that Wiley's application for the writ of habeas corpus was without merit.

Wiley filed objections to the Magistrate Judge's Report on September 26, 2008. In his objections, he says that the loss of any kind of credits towards release on mandatory supervision is protected by the Due Process Clause, but this argument was rejected by the Fifth Circuit in Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000), in which the Fifth Circuit held that even a reduction in time-earning classification would not support a claim under the Due Process Clause, because the timing of the prisoner's release was too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning classification. In this case, Wiley is not complaining about a reduction, but simply retention in the classification status to which he had previously been assigned. This contention is without merit.

Wiley further complains that the Magistrate Judge's Report would simply allow guards to abuse inmates because they did not like them. However, federal courts are courts of limited jurisdiction; the issue presented in this case concerns whether or not Wiley has set out a claim of constitutional dimensions, and the law and precedent cited by the Magistrate Judge makes clear that he has not. Wiley's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Willis Wiley is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **7** day of **October, 2008.**

_____
Ron Clark, United States District Judge